IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROCCO DOMINIC TINOCO,

    Movant,

vs.                                                   No. CV 19-00273 DN/JHR
                                                     No. CR 15-01703 DN

UNITED STATES OF AMERICA

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Movant Rocco Dominic Tinoco. (CV Doc. 1; CR Doc. 298). The Court determines that Movant Tinoco is not entitled to § 2255 relief and will dismiss Movant Tinoco's § 2255 Motion. The Court will also deny a Certificate of Appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Movant Rocco Dominic Tinoco was indicted on multiple counts of threatening a federal official in violation of 18 U.S.C. §§ 115(a)(1)(B) and (b)(4), and multiple counts of using the internet to communicate a threat in violation of 18 U.S.C. § 875(c). (CR Doc. 15, 62, 131). The charges against him were tried to a twelve-person jury, which convicted him on six counts of violation of §§ 115(a)(1)(B) and (b)(4) and four counts of violation of § 875(c). (CR Doc. 221). Following trial, the Court sentenced Tinoco to 63 months of imprisonment followed by 3 years of

supervised release. Judgment was entered on his conviction and sentence on April 14, 2017. (CR Doc. 246).

Tinoco appealed his conviction and sentence to the United States Court of Appeals for the Tenth Circuit on April 27, 2017. (CR Doc. 247). He raised six issues on direct appeal: (1) sufficiency of the evidence to support his conviction; (2) prosecutorial misconduct; (3) failure to excuse jurors; (4) cumulative error; (5) failure to continue trial; and (6) terms of supervised release. (CV Doc. 1 at 2; CR Doc. 298 at 2). The Tenth Circuit affirmed on all issues. *See United States v. Tinoco,* 730 F. App'x 581 (10th Cir. 2018); CR Doc. 295.

Tinoco sought certiorari review of the Tenth Circuit's ruling by the United States Supreme Court. (CR Doc. 296). In his Petition, he raised two grounds for review: (1) whether a mental state of recklessness-absent subjective intent to threaten-in conveying a threat is sufficient to support a conviction under 18 U.S.C. § 875(c) and any other threat statute; and (2) whether interpreting 18 U.S.C. § 875(c) and any other threat statutes to include statements made without a subjective intent to threaten, chills the expression of potential speech. (CV Doc. 1 at 2; CR Doc. 298 at 2). The United States Supreme Court denied certiorari on October 9, 2018. (Doc. 297).

Movant Tinoco filed his § 2255 Motion on March 22, 2019. (CV Doc. 1; CR Doc. 298). His Motion raises three grounds for § 2255 relief: (1) Movant did not possess the requisite mens rea in Counts 1 and 2; (2) Movant did not possess the requisite mens rea in Counts III-X; and (3) the context and reaction of the recipients in Counts 1 and 2 support a finding that the statements were not true threats. (CV Doc. 1 at 4, 5, 7; CR Doc. 298 at 4, 5, 7). In support of his Motion, Tinoco attaches excerpts from the testimony of trial witnesses and documentary and photographic exhibits. (CV Doc. 1-1 through 1-7; CR Doc. 298-1 through 298-7). Tinoco asks the Court to "vacate the sentence." (CV Doc. 1 at 12; CR Doc. 298 at 12).

## ANALYSIS OF MOVANT TINOCO'S CLAIMS

Movant Rocco Dominic Tinoco seeks to vacate his conviction and sentence under 28 U.S.C. § 2255.  Section 2255 states:

> "A prisoner in custody under a sentence . . . claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

28 U.S.C. § 2255(a).  Tinoco's Motion does not claim that his sentence is in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose the sentence or that the sentence was in excess of the maximum authorized by law.  Instead, he claims that the evidence presented at trial does not prove that he made a "true threat" or that he had the requisite *mens rea* to support his 18 U.S.C. § 115(a)(1)(b), 18 U.S.C. § 115(b)(4), and 18 U.S.C. § 875(c) convictions.  (CV Doc. 1 at 4, 5, 7; CR Doc. 298 at 4, 5, 7).  Therefore, Petitioner Tinoco is eligible for relief only if his sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

As Movant Tinoco expressly states, all three of the issues Tinoco claims in his § 2255 Motion were raised and disposed of on the merits in Tinoco's direct appeal.  (CV Doc. 1 at 4, 5, 7, 9).  When an issue has already been disposed of on direct appeal, the sentencing court will generally not revisit that same issue in a § 2255 collateral attack. *See U.S. v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *U.S. v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). Collateral review is not a mechanism for taking a "second bite of the apple" for issues previously decided by the appellate court. *U.S. v. Quarterman*, 242 F.3d 392, 2000 WL 1862684, *2 (10th Cir. 2000).

3

Tenth Circuit precedent recognizes a specific prohibition on re-raising previously decided issues on collateral review. The only exception to this rule arises when circuit law changes following the order of the appellate court. *Prichard*, 875 F.2d at 791. In the interests of finality, when a criminal judgment is collaterally attacked by motion under § 2255, the Tenth Circuit has repeatedly recognized only one exception to the collateral-review bar: a material intervening change in the law. *See, e.g., Warner,* 23 F.3d at 291; *United States v. Gordon,* 4 F.3d 1567, 1570 n. 2 (10th Cir.1993); *United States v. Cook,* 997 F.2d 1312, 1318 n. 6 (10th Cir.1993); *United States v. Prichard,* 875 F.2d 789, 791 (10th Cir.1989); *United States v. Nolan,* 571 F.2d 528, 530 (10th Cir.1978). *See, also, Davis v. United States,* 417 U.S. 333, 342 (1974), (relying solely on an intervening change in law as a basis for permitting a § 2255 motion to raise an issue rejected on direct appeal), *abrogated on other grounds as explained in United States v. Harms,* 371 F.3d 1208, 1210 (10th Cir.2004).

Movant Tinoco's true threat and *mens rea* issues were clearly raised in Movant's direct appeal and disposed of by the Tenth Circuit. *See United States v. Tinoco,* 730 Fed. App'x 581, 584-85 (10th Cir. 2018). There has been no intervening change in law that would call for this Court's reconsideration on collateral review of an argument that has been thoroughly addressed- and ultimately rejected-by the appellate court. *Warner,* 23 F.3d at 291. Tinoco's § 2255 claims are barred by the adjudication of the issues in his direct appeal and he is not eligible for relief from his conviction and sentence on collateral review under § 2255.

To the extent his Memorandum in Support (Doc. 2) may be considered to be part of his § 2255 Motion, Movant Tinoco does make generalized reference to the Due Process Clauses of the Fifth and Fourteen Amendments to the United States Constitution. (Doc. 2 at 1). He appears to argue that a conviction based on insufficient evidence violates due process. However, sufficiency

of evidence is not cognizable in a § 2255 proceeding. *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971). The question is not whether the evidence was sufficient, but whether the verdict of guilty was so devoid of evidentiary support as to raise a due process issue. *Johnson v. Turner*, 429 F.2d 1152 (10th Cir. 1970); *Mathis v. Colorado*, 425 F.2d 1165 (10th Cir. 1970); *Martinez v. Patterson*, 371 F.2d 815 (10th Cir. 1966); *Hall v. Crouse*, 339 F.2d 316 (10th Cir. 1964), *cert. denied* 381 U.S. 941 (1965).

The Tenth Circuit expressly held that Tinoco's conviction and sentence are supported by sufficient evidence:

> "Tinoco can be constitutionally convicted only if he made a 'true threat.' '[T]rue threats [are] statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual.' *United States v. Wheeler*, 776 F.3d 736, 743 (10th Cir. 2015) (internal quotation marks omitted). 'In distinguishing between true threats and protected speech, this court asks whether those who hear or read the threat reasonably consider that an actual threat has been made.' *Id*. (internal quotation marks omitted).
>
> '[W]hether a defendant's statement is a true threat or [protected] speech is a question for the jury.' *Id*. at 742 (internal quotation marks omitted). We review 'claims of evidentiary sufficiency under a deferential standard, viewing all the evidence, ... with all reasonable inferences ..., in the light most favorable to the prosecution[,] ... [and ask] whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' *Id*. at 741-42 (brackets and internal quotation marks omitted).
>
> Tinoco maintains that no rational trier of fact could have found his statements were 'true threat'" because (1) he didn't intend to place the victims in fear; (2) his Facebook posts didn't reach the victims; and (3) he frequently peppered his statements with the phrase 'figuratively speaking.' We disagree. Ample evidence existed from which a rational trier of fact could have found the statements to be 'true threats,' including (1) R.F.'s testimony that he took the threats seriously; (2) Tinoco's admission to Downey that people who received his threats would feel threatened, and (3) Tinoco statements: 'I mean every word' and 'You can quote me.'"

*United States v. Tinoco,* 730 F. App'x at 584-85. Movant Tinoco's conviction and sentence are supported by sufficient evidence and do not violate the due process clauses of the Fifth or Fourteenth Amendments.  *Lorraine v. United States*, 444 F.2d at 2.

Last, although his Memorandum in Support does not actually cite the First Amendment, Tinoco appears to argue that his statements constitute free speech rather than threats. (CV Doc. 2). However, a jury determined that he made true threats and the Tenth Circuit has affirmed that conviction. (CR Doc. 221; CR Doc. 295; *United States v. Tinoco,* 730 F. App'x at 584-85). The First Amendment does not protect true threats. *See, e.g., Virginia v. Black*, 538 U.S. 343, 359 (2003). Accordingly, Tinoco's conviction does not violate the First Amendment.

## **CONCLUSION**

Movant Rocco Dominic Tinoco's § 2255 claims are barred by prior adjudication of those claims on direct appeal. There has been no intervening change in the law that would warrant reconsideration of his claims on collateral review. The Court will dismiss his § 2255 claims under Rule 4(b) of the Rules Governing Section 2255 Proceedings. The Court also determines that, under Rule 11(a) of the Rules Governing Section 2255 Proceedings, Movant Tinoco has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a Certificate of Appealability.

**IT IS ORDERED:**

(1) The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Movant Rocco Dominic Tinoco (CV Doc. 1; CR Doc. 298) is **DISMISSED** under Rule 4 of the Rules Governing Section 2255 Proceedings;

(2) A Certificate of Appealability is denied under Rule 11 of the Rules Governing Section 2255 Proceedings; and

(3) Judgment will be entered.

The Clerk is directed to close the case.

Signed June 14, 2021.

BY THE COURT:

_____
DAVID NUFFER
UNITED STATES DISTRICT JUDGE